ORIGINAL

FILED

AUG - 1 2018

U.S. COURT OF
FEDERAL CLAIMS

In the United States Court of Federal Claims

No. 18-730C

(Filed: August 1, 2018)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **NICHOLAS OMAR MIDGETTE,** | \* |
| Plaintiff, | \* |
| v. | \* |
| **THE UNITED STATES,** | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER OF DISMISSAL

On May 21, 2018, Plaintiff, proceeding *pro se*, filed his complaint in this Court. Plaintiff also submitted an Application to Proceed *In Forma Pauperis*. After review, it appears that Plaintiff is indigent, and the Court therefore **GRANTS** this Application.[1] In his complaint, Plaintiff alleged that he was unjustly convicted in U.S. District Court for the Eastern District of North Carolina ("EDNC"), and he seeks $50,000 for every 12-month period he was incarcerated. On July 17, 2018, Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons discussed below, the Court hereby **GRANTS** Defendant's motion.

### I. Background

#### A. Plaintiff's Prison Sentences

In 2004, Plaintiff pleaded guilty in a North Carolina state court to possession with intent to sell and deliver marijuana. *See United States v. Midgette*, 478 F.3d 616, 619 (4th Cir. 2007) ("*Midgette I*"). North Carolina classified this crime as a Class I felony, with a maximum prison sentence of ten months. *Id.*

---

[1] Although the Court grants plaintiff's application to proceed in forma pauperis, plaintiff shall be assessed, pursuant to section 1915(b)(1), an initial partial filing fee comprising twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the amount representing the average monthly balance in plaintiff's account for the six-month period immediately preceding the filing of his complaint. Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. The agency having custody of plaintiff's account shall forward payments from plaintiff's account to the Clerk of Court each time the account balance exceeds $10.00 and until such time as the filing fee is paid in full.

1

7017 1450 0000 1346 4575

Then in 2005, Plaintiff pleaded guilty in the EDNC of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and he was sentenced to forty six months' imprisonment. *Midgette v. United States*, No. 4:04-CR-54-FL-1; No. 4:12-CV-8-FL, 2013 U.S. Dist. LEXIS 7845 at *2 (E.D.N.C. 2013) ("*Midgette III*"). Plaintiff's 2004 state conviction was the predicate felony for this conviction.

While he was on supervised release, Plaintiff was again charged with being a felon in possession of a firearm, and he again pleaded guilty in 2011. *Id.* at 1. He was sentenced to forty six months' imprisonment for a second time. *Id.* Plaintiff's 2005 conviction was the predicate felony for this conviction.

### B. Vacatur of Plaintiff's 2005 Sentence

In 2011, the United States Court of Appeals for the Fourth Circuit held that the predicate felony for a conviction under 18 U.S.C. § 922(g)(1) must be punishable by more than one year of imprisonment. *United States v. Simmons*, 649 F.3d 237, 244 (4th Cir. 2011). Following this decision, Plaintiff moved to vacate both of his felon-in-possession convictions on the grounds that, if his 2005 conviction was vacated, there was no sufficient predicate felony to support his 2011 conviction. *Midgette v. United States*, No. 4:10-CR-13-D; No. 4:12-CV-9-D, 2012 U.S. Dist. LEXIS 107538 at *2 (E.D.N.C. Aug. 1, 2012) ("*Midgette II*"), at *3-4.

The EDNC dismissed his motion to vacate the 2011 sentence, holding that even if the 2005 conviction was vacated later, it was valid in 2011 as a predicate felony under 18 U.S.C. § 922(g)(1). *See Midgette II*, at *3-4 (citing *United States v. Kahoe*, 134 F.3d 1230 (4th Cir. 1998)). Later, pursuant to the decision in *Simmons*, the EDNC vacated Plaintiff's 2005 conviction, because his 2004 conviction did not have a maximum possible prison sentence of more than one year. *See Midgette III*, at *6.

### II. Discussion

Whether a court possesses subject matter jurisdiction is a threshold matter in every case, which may be challenged at any time. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *see also Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). If the Court determines at any time that it lacks jurisdiction, the action must be dismissed. RCFC 12(h)(3).

Plaintiff alleges subject matter jurisdiction under 28 U.S.C. 1495, which grants this Court jurisdiction over "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. 1495. However, for the Court to have jurisdiction under § 1495, a complainant "must submit a court certificate or a pardon stating certain facts," as required by 28 U.S.C. § 2513. *Humphrey v. United States*, 60 Fed. App'x. 292, 294 (Fed. Cir. 2003). This statute requires:

> (a) Any person suing under section 1495 of this title must allege and prove that:
>
> > (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or

rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

28 U.S.C. § 2513. "The unjust conviction statute has always been strictly construed." *Vincin v. United States*, 199 Ct. Cl. 762, 766 (1972). For a court Order to satisfy this requirement, it must "strictly comport with all of the recitals required by the statute." *Wood v. United States*, 91 Fed. Cl. 569, 576 (2009) (citing *Humphrey*, 60 Fed. App'x 292). The Order vacating Plaintiff's 2005 conviction does not do so. It neither states that "he did not commit any of the acts charged," nor that "his acts . . . constituted no offense," and it also does not state that he did not cause his own prosecution by misconduct or neglect. *See* Pl.'s Compl. Attach. A; *see also Humphrey*, 60 Fed. App'x at 295. Such an Order is not sufficient to meet the requirements of § 2513. *Id.*; *see also Freeman v. United States*, 568 Fed. App'x. 892, 894 (Fed. Cir. 2014).

Further, Plaintiff cannot meet the requirements of § 2513. It is undisputed that Plaintiff did in fact commit at least one of the acts – possessing a firearm – charged under his 2005 conviction. So, he cannot invoke the first prong of § 2513(a)(2). Additionally, as Plaintiff was a convicted felon in North Carolina when he possessed the firearm, this act was, in fact, a violation of that State's law.[2] *See* § 2513(a)(2) (requiring proof that "his acts in connection . . . constitute no offense *against* the United States, or *any State*.") (emphasis added). So, Plaintiff also cannot fulfill the second prong of § 2513(a)(2).

### III.   Conclusion

For the reasons set forth above, the Court **DISMISSES** this case. The Clerk of the Court is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

EDWARD J. DAMICH
Senior Judge

---

[2] North Carolina law prohibits felons from possessing firearms regardless of their prior sentence length. *See* N.C. Gen. Stat. § 14-415.1(a); *see also, Mills*, 773 F.3d at 567.